IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| LISA BRONE, M.D., <br><br>     Plaintiff, <br><br> v. <br><br> RELIANCE STANDARD LIFE INSURANCE COMPANY, <br><br>     Defendants. | Civil Action No. 1:23-cv-2545 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Lisa Brone, makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay long term disability (LTD) benefits due under an ERISA employee welfare benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

1

3.     Venue is proper within the District of Colorado pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.     Plaintiff, Lisa Brone, (hereinafter "Plaintiff"), was at all relevant times, a resident of Boulder County, Colorado.

5.     Defendant Reliance Standard Life Insurance Company (hereinafter "Defendant"), is a foreign insurance company authorized to transact the business of insurance in this state, and, pursuant to C.R.S. § 10-3-107, may be served with process through its registered agent Colorado Division of Insurance located at 1560 Broadway, STE 220, Denver CO 80202.

6.     Upon information and belief, Defendant is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. 131365, issued by Defendant to Paladina Health, LLC.

## FACTS

7.     Plaintiff was employed by Paladina Health, LLC, as a physician.

8.     By virtue of her employment, Plaintiff was enrolled in Group Long-Term Disability under the Paladina Health, LLC, LTD Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9.     Benefits under the Plan are insured by Defendant under Group Long Term Disability Policy No. 131365, issued by Defendant to Paladina Health, LLC.

10.    Plaintiff is a participant or beneficiary of the Plan.

11.    Plaintiff ceased work on March 26, 2020, while covered under the Plan, because of physical and cognitive impairments caused by multiple, serious medical conditions, including

2

chronic inflammatory response syndrome, chronic migraines, functional neurological disorder, and mild cognitive impairment.

12.     Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13.     Plaintiff filed a timely application for LTD benefits under the Plan and provided Defendant with all necessary information to establish her disability and eligibility for benefits.

14.     Defendant approved Plaintiff's claim and paid benefits until March 25, 2022.

15.     By letter dated March 29, 2022, Defendant denied Plaintiff's claim for long-term disability because it determind Plaintiff was not precluded from performing the duties of her own occupation of physician.  In reaching this conclusion, Defendant relied on the opinions of a non-examining file-reviewer who disagreed with Plaintiff's physicians and the objective findings in their medical records.

16.     Plaintiff timely appealed the denial of her benefits and submitted additional evidence in support of her claim.

17.     On appeal, Plaintiff submitted updated medical and vocational evidence—including treatment notes, medical opinion forms, narratives from her treating providers outlining the specific ways her conditions impair her functioning, as well as the results of formal neuropsychological testing—showing how her documented impairments preclude Plaintiff from performing the duties of any occupation, including her own.

18.     By letter dated February 9, 2023, Defendant overturned its denial and awarded Dr. Brone benefits from March 25, 2022 to November 22, 2022, because it determined Dr. Brone could not perform the duties her occupation as a physician.

3

19.    In the same letter, Defendant made a separate determination that Dr. Brone was not disabled under the Policy's "Any Occupation" Standard for total disability and that benefits were not payable beyond November 22, 2022.  In making this decision, Defendant relied on new evidence and new rationales generated after Plaintiff submitted her appeal.  Despite this, Defendant's letter did not provide Plaintiff an opportunity to appeal or respond to the new rationales and evidence, but rather indicated that Defendant's decision was final.

20.    Plaintiff nevertheless timely appealed Defendant's new adverse benefit determination and submitted additional evidence in support of her claim.

21.    By letter dated May 16, 2023, Defendant notified Plaintiff that it would not consider her appeal or the additional evidence submitted and her administrative remedies had already been exhausted.

22.    Plaintiff has exhausted her administrative remedies under the Plan.

23.    Under 29 C.F.R. § 2560.503-1(h)(1), Defendant was required to establish and maintain procedures that afforded Plaintiff a reasonable opportunity to appeal an adverse benefit determination and provide Plaintiff with a full and fair review.  See 29 C.F.R. § 2560.503-1(h).

24.    Under 29 C.F.R. § 2560.503-1(h)(2)-(4), an ERISA administrator's claims procedures will not be deemed to provide a reasonable opportunity for a full and fair review unless claimants are provided with an opportunity to submit written comments, documents, records, and other information relating to the claim for benefits as well as a review that takes into account all such information submitted by the claimant relating to the claim.  See 29 C.F.R. § 2560.503-1(h)(2)-(4)

25.    Under 29 C.F.R. § 2560.503-1(h)(4), Defendant was required to notify and provide Plaintiff with any new or additional rational and allow Plaintiff a reasonable opportunity

to respond to that new rationale prior to issuing an adverse benefit determination. *See* 29 C.F.R. § 2560.503-1(h)(4)(ii).

26. By outright refusing to consider Plaintiff's appeal or the evidence submitted in support of her claim, Defendant failed to provide Plaintiff with a reasonable opportunity for a full and fair review of her claim or a reasonable opportunity to respond to Defendant's new evidence and rationale as required by 29 C.F.R. § 2560.503-1(h).

27. 29 C.F.R. § 2560.503-1(l) states that an ERISA administrator's failure to strictly adhere to all requirements of the regulation with respect to a claim will result in the claimant being deemed denied without the exercise of discretion. *See* 29 C.F.R. § 2560.503-1 (1)-(2).

28. Accordingly, under 29 C.F.R. § 2560.503-1 (1)-(2), Plaintiff pursues her available remedies under § 502(a) of the ERISA on the basis that Defendant has failed to provide a reasonable claims procedure that would yield a full and fair review of her claim.

29. Plaintiff's administrative remedies under the Plan are deemed exhausted because of Defendant's violations of 29 C.F.R. § 2560.503-1 outlined above.

30. Because of Defendant's failure to strictly adhere to all the requirements of 29 C.F.R. § 2560.503-1, Plaintiff's LTD Claim is deemed denied on review without the exercise of discretion.

31. Upon information and belief, the Plan does not contain a sufficient grant of discretion.

32. Additionally, Colorado Revised Statute Section 10-3-1116 prohibits insurers from including in a disability insurance contract any "provision purporting to reserve discretion to the insurer, plan administrator, or claim administrator to interepret the terms of the policy, contract,

5

or plan or to determine eligibility for benefits.  If an insurance policy, contract, or plan contains such a provision, the provision is void." *See* C.R.S. § 10-3-1116.

33.     Defendant would pay any benefits due out of its own funds.

34.     Defendant owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

35.     Defendant was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

36.     Defendant allowed its concern over its own funds to influence its decision-making.

37.     Defendant breached its fiduciary duties to Plaintiff, including the duty of loyalty.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

38.     Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

39.     Plaintiff is disabled and entitled to benefits under the terms of the Plan.

40.     Defendant failed to provide benefits due under the terms of the Plan, and its denials of benefits to Plaintiff constitute breaches of the Plan.

41.     The decisions to deny benefits were wrong under the terms of the Plan.

42.     The decisions to deny benefits and decision-making processes were also arbitrary and capricious.

43.     The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

6

44.    The decisions to deny benefits were not supported by substantial evidence in the record.

45.    As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in an amount equal to the amount of benefits to which she would have been entitled to under the Plan.

46.    As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1.    A finding in favor of Plaintiff against the Defendant;

2.    Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.    Prejudgment and postjudgment interest;

4.    An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5.    Plaintiff's reasonable attorney fees and costs; and

6.    Such other relief as this court deems just and proper.

Dated this 29th day of September, 2023.

Respectfully submitted,

7

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY:   */s Hudson T. Ellis*
      Hudson T. Ellis
      414 McCallie Avenue
      Chattanooga, TN 37402
      (423) 634-2506
      FAX:  (423) 634-2505
      ellish@buchanandisability.com